IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LARRY EDWARD WOLFRUM     PLAINTIFF

v.     Civil No. 2:21-CV-02137

JAIL ADMINISTRATOR     DEFENDANT
NICK McKITTRICK

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.     BACKGROUND

Plaintiff filed his Complaint on August 25, 2021. (ECF No. 1). He alleges the Defendant violated his constitutional rights in August 2021 while he was incarcerated in the Johnson County Detention Center. (*Id*. at 3). More specifically, Plaintiff alleges the Defendant wrongfully removed $10.00 from Plaintiff's prison account for medicine when Plaintiff had not asked to see a doctor or to receive any medication. (*Id*.). Plaintiff filed several grievances about the issue, and has yet to have his money returned. (*Id*. at 4).

Plaintiff proceeds against Defendant in both his official and individual capacities. (*Id*. at 4). He seeks compensatory and punitive damages. (*Id*. at 8).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

## II.     LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.     ANALYSIS

Plaintiff fails to state a plausible constitutional claim for the loss of his personal property. *See Clark v. Kansas City Mo. Sch. Dist.*, 375 F.3d 698, 793 (8th Cir. 2004) (no cause of action for the taking of personal property as long as the state provides an adequate post-deprivation remedy).

Even if the deprivation of his property was intentional, there is no Due Process violation when the state has provided Plaintiff with adequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available). Arkansas provides the post-deprivation remedy of conversion for the recovery of personal property. *See Elliot v. Hurst*, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Accordingly, because Plaintiff could seek redress in Arkansas state courts to recover his lost property, he has no plausible claim pursuant to § 1983 in this regard.

### IV.   CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE because it fails to state a claim upon which relief can be granted. The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). It is further recommended that the Clerk be directed to place a § 1915 strike flag on the case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of October 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE